# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Donald Benjamin Walls, II,

      Plaintiff,

  v.                                      Civil No.: 12-2623 (PAM/SER)

Jamiel Mohammad, individually, and in
his official capacity as a City of
Minneapolis Police Officer; Deitan Dubuc,
individually and in his official capacity as
a City of Minneapolis Police Officer, and
the City of Minneapolis,

      Defendants.

_____

## DEFENDANTS' TRIAL BRIEF

**A.**     **Trial counsel for all Defendants:**

    Burt T. Osborne (No. 250363)
    Brian S. Carter (No. 390613)
    Minneapolis City Attorney's Office
    350 South 5th Street, Room 210
    Minneapolis, MN  55415
    Telephone:  (612) 673-3847 (Burt Osborne)
                       (612) 673-2063 (Brian Carter)
    Email:      burt.osborne@minneapolismn.gov
                   brian.carter@minneapolismn.gov

**B.**     **Jury or Bench Trial:** This case is to be tried by jury.

**C.**     **Length of Trial:**  Defendants estimate that the trial will last two to three days.

**D.**     **Jurisdiction:** This lawsuit includes federal civil rights claims brought under 42 U.S.C. § 1983. It also includes state law claims of assault, battery,

and vicarious liability. This Court has federal-question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and it has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

**E.  Facts:**

At around 3:30 a.m. on June 8, 2009, Plaintiff and his friends were having a loud party in two rooms at the Hotel Minneapolis ("the Hotel") in downtown Minneapolis. The party was taking place after Plaintiff's rap performance at the Visage nightclub in downtown Minneapolis, where Plaintiff had consumed several alcoholic drinks. The Hotel's staff received a complaint from a guest about the noise from Plaintiff's party. The Hotel's manager, Bradley Hise, went to Plaintiff's room and asked Plaintiff and his friends to quiet down. (Hise Dep. 8.)[1] Plaintiffs and his friends did not quiet down, and, after Hise returned downstairs, he received another complaint about the noise from a Hotel guest. Hise returned to Plaintiff's room and told Plaintiff that he and his friends would have to quiet down or they would be removed from the Hotel. (Hise 8.) Plaintiff responded, "Well, how are you going to do that?" Hise told Plaintiff that he would involve the police if necessary. Plaintiff responded, "If you get the police involved, I'm going to kick your ass." (Hise 9.)

---

[1] Defendants have not attached documents and transcripts to this memorandum. If the Court requires any of the cited documents Defendants can provide them in whatever form the Court wishes.

2

In response to Plaintiff's threats and refusal to cooperate, Hise called 911 and asked the police to remove Plaintiff and his friends from the Hotel. At 3:33 a.m., Minneapolis Police Officers Jamiel Mohammad and Deitan Dubuc, were dispatched to the Hotel in response to Hise's 911 call. (CAPRS Case Report 4.) When the Officers arrived at the Hotel they spoke with Hise who told them that there were five to eight individuals on the seventh that he wanted escorted off of the property. When the Officers and Hise got to the seventh floor they saw Plaintiff walk out of a room and into the hallway. Hise told the Officers that Plaintiff was causing most of the problems and that Plaintiff had threatened "to kick [Hise's] ass." The Officers told Plaintiff that he had to leave the Hotel's property. The Officers explained that the Hotel's staff wanted him to leave and that, because the Hotel was private property, Plaintiff had to leave. (*Id.*) After being told by the Officers that he was the problem and to leave, Plaintiff attempted to convince the Officers to let him stay in the other room that one of Plaintiff's friends had rented. After being told repeatedly that he had to leave, Plaintiff finally went downstairs.

The Officers then made sure that the rooms were cleared out and went downstairs with Hise. The Officers and Hise waited at the Hotel's main entrance where a set of sliding doors leads to the Hotel's driveway. The portion of the

driveway to which the main doors lead is covered by an awning that extends all of the way across the driveway.

After Plaintiff went downstairs, he got into a car that was parked in the Hotel's driveway with some friends. The Officers and Hise then observed Plaintiff exit the car and walk toward the hotel entrance. Hise told the Officers that he did not want Plaintiff on the property. Officer Mohammad then walked toward Plaintiff and told him that he had to leave the Hotel's property. Plaintiff was talking on his phone and ignored Officer Mohammad. Officer Mohammad knew Plaintiff heard his instructions because he was only ten feet away from Plaintiff and Officer Mohammad saw Plaintiff look at him when he told Plaintiff to leave. Plaintiff continued to ignore Officer Mohammad as the Officer instructed him to leave a second time. Officer Mohammad then walked toward Plaintiff to escort him back to the car. When Officer Mohammad walked into Plaintiff's path, Plaintiff stepped toward Officer Mohammed and was going to walk into him. Officer Mohammad pushed Plaintiff to prevent plaintiff from walking into him.

Plaintiff immediately took a bladed "boxer's" stance and raised his fists as if he were preparing to fight. Plaintiff shouted "don't fucking push me" at Officer Mohammad. Because of Plaintiff's statement and stance, Officer Dubuc believed that Plaintiff was about to assault Officer Mohammad. Officer Dubuc

then moved to where Plaintiff was standing, grabbed Plaintiff's shoulder and shirt and pulled him to the ground so that Plaintiff landed on his side. Both Officers then attempted to handcuff Plaintiff. Plaintiff actively resisted their attempts to place his hands behind his back and he attempted to stand up. While the Officers were struggling with Plaintiff they had their backs to Plaintiff's friends who were attempting to move toward Plaintiff and the Officers, presumably to defend Plaintiff. By that time a third Officer, Marjane Khazraeinazmpur, had arrived and was helping Officers Dubuc and Mohammad.

As Officer Mohammad continued to struggle to handcuff Plaintiff, he decided to take further action to restrain Plaintiff. Officer Mohammad sprayed a short burst of his department-issued pepper spray into Plaintiff's face. After the pepper spray was used, Plaintiff became compliant and the Officers were able to handcuff him quickly and put him into the back of a squad car. After Plaintiff was subdued, his friends continued to walk toward the Officers. Officer Mohammad had to order them to back away and was compelled to push some of them to maintain distance between himself and Plaintiff's friends.

Plaintiff was offered medical care by the Officers, but he refused it.

After his arrest, Plaintiff was booked into jail and released that same day.

**F.     Claims or Defenses**

The Officers' use of force was objectively reasonable. According to the Supreme Court's standard in *Graham v. Connor*, three factors should be considered in determining whether an officer has reasonably used force: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Conner*, 490 U.S. 386, 396 (1989). These factors must be considered from the "perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight." *Id.* Additionally, while the Graham factors must be considered, it cannot be lost that the reasonableness of an officer's use of force is ultimately determined by assessing the totality of the circumstances. *Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1081 (8th Cir. 1990) ("The question for the jury is whether, judging from the perspective of a reasonable officer at the scene of the arrest, the totality of the circumstances justifies the use of the force used.")

The totality of the circumstances renders Officers Dubuc's and Mohammad's uses of force reasonable. Plaintiff was attempting to reenter the Hotel, ignored Officer Mohammad's instructions that he had to leave the Hotel's property, and was going to step into Officer Mohammad when Officer Mohammad walked in front of Plaintiff. Officer Mohammad's push was

therefore objectively reasonable. After being shoved, Plaintiff took a fighting stance and threatened to attack Officer Mohammad. Officer Dubuc's use of force to prevent this from happening was therefore reasonable. After Plaintiff was pulled to the ground, he actively resisted the Officers' attempts to restrain him. Plaintiff resisted the Officers' attempts to place his hands behind his back and he attempted to stand. During the struggle, Plaintiff's friends were behind the Officers and moving toward them. The situation was rapidly evolving and the Officers were outnumbered. Officer Mohammad's use of pepper spray was therefore a reasonable way to quickly subdue Plaintiff with little risk of injury to Plaintiff. For these same reasons, Plaintiff's state-law assault and battery claims fail. Further, the Officers have official immunity regarding those claims.

**G.    Unresolved Issues**

1. Defendants filed motions in limine seeking to exclude the following evidence:

Defendants' Motion in Limine No. 1: Exclusion of the testimony of Plaintiff's force expert, William T. Gaut.

Defendants' Motion in Limine No. 2: Exclusion of the testimony of Plaintiff's treating physician, Bangean K. Abdullah.

Defendants' Motion in Limine No. 3: Inadmissibility of Minneapolis Police Department policies.

Defendants' Motion in Limine No. 4: Admissibility of Minneapolis Police Department Reports.

Defendants' Motion in Limine No. 5: Exclusion of argument, evidence, or testimony about any public ownership or interest in the Minneapolis Hotel's driveway.

Defendants' Motion in Limine No. 6: Exclusion of all evidence of Plaintiff's alleged sophisticate medical conditions.

Defendants' Motion in Limine No. 7: Exclusion of three pepper spray documents.

2.    Plaintiff filed a motion in limine seeking to exclude the following evidence:

Plaintiff's Motion in Limine No. 1: Exclusion of Minneapolis Police Department police records and jail records relating to Plaintiff.

3.    The parties have yet to agree on a final Special Verdict Form.

Dated: March 24, 2014                  SUSAN L. SEGAL
                                                City Attorney
                                                By

                                                /s Brian S. Carter
                                                BURT T. OSBORNE (#250363)
                                                Assistant City Attorney
                                                BRIAN S. CARTER (#0390613)
                                                Assistant City Attorney
                                                Attorneys for Defendants
                                                350 South 5th Street, Room 210
                                                Minneapolis, MN  55415
                                                (612) 673-3847