UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Benjamin Walls, II,                      File No. 12-CV-2623 (PAM/SER)

           Plaintiff,

v.                                                                               **ORDER**

Jamiel Mohammad, individually, and in
his official capacity as a City of Minneapolis
Police Officer, Deitan Dubuc, individually, and
in his official capacity as a City of Minneapolis
Police Officer, and the City of Minneapolis,

           Defendants.

---

This matter is before the Court on the parties' Motions in Limine. For the reasons that follow, the Court denies Plaintiff's Motion and grants certain of Defendants' Motions.

**A.**    **Plaintiff's Motion**

Plaintiff moves to exclude police reports, booking documents, and jail records relating to his arrest on the grounds that they are hearsay, minimally relevant, and highly prejudicial. Defendants respond that they will not seek to introduce booking or jail documents, therefore, those aspects of the motion are moot. Only the police reports remain in dispute.

Plaintiff contends that the police reports should be excluded because they contain hearsay and are inherently untrustworthy given the adversarial nature of Plaintiff's interactions with Officer Mohammad (the author of the police report), and because Officer Mohammad is available to testify at trial. The Court disagrees. A police report is a business

record and therefore admissible under Fed. R. Evid. 803(6). The reports are also likely admissible as public records under Rule 803(8). Under these rules, the reports are admissible regardless of whether the declarant is available as a witness.

The Court acknowledges that the initial report's recitation of the hotel manager's statement to police would constitute hearsay, and therefore be inadmissible, if used to establish the truth of the matter asserted. Fed. R .Evid. 801(c). The Court has reviewed the police report, however, and it does not it does not appear that the witness statement will be used for that purpose. Rather, the hotel manager's statement is being offered by Defendants to establish that certain statements were made and their effect on the listener. Similarly, to the extent that any of Plaintiff's own statements in the report are being offered for their truth, such statements would likely also be admissible in this case as admissions by a party opponent. See Fed. R. Evid. 801(d)(2). The Court denies Plaintiff's Motion without prejudice to specific objections at trial.

**B.   Defendants' Motions**

    **1.   William T. Gault**

Defendants move to exclude the testimony of Plaintiff's expert witness, William T. Gault, Ph.D., because he opines as to the ultimate issue of law, endorses Plaintiff's version of the facts, and relies on the erroneous assumption that the incident occurred in the public domain.[1]

---

[1] Plaintiff now admits that the incident occurred on hotel property and that Gault's testimony to the contrary was erroneous. Regardless, this particular issue does not dictate

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides that a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the testimony to show by a preponderance of the evidence that the testimony is admissible under Rule 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001).

Relevant here, an expert's opinion regarding whether a police officer's behavior conforms to constitutional standards is plainly inadmissible. See Schmidt v. City of Bella Villa, 557 F.3d 564, 570 (8th Cir. 2009) (affirming trial court's exclusion of expert witness on constitutionality of search procedures as "impermissible legal conclusions"); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (holding that expert testimony on reasonableness of police behavior under Fourth Amendment is statement of legal conclusion and not admissible).

---

the outcome of this Motion.

The Court has carefully reviewed Gault's proposed testimony and finds that it consists of a recitation of facts derived from material provided to Gault by Plaintiff's counsel[2] and improper legal conclusions regarding whether Officers Mohammad and Dubuc violated the law during their arrest of Plaintiff. (Carter Decl. Ex. A (Docket No. 32-1) at 21, 39-40.) Under these circumstances, Gault's testimony is plainly inadmissible. Plaintiff argues that, at a minimum, Gault's police practice testimony should be admitted. But that testimony was vague and in any event tied directly to Gault's conclusion that Officers Mohammad and Dubuc used unreasonable force. The jury would not be aided by this small aspect of Gault's testimony. The Motion is granted.

### 2.  Bangean K. Abdullah

Defendants move to exclude the testimony of Plaintiff's treating physician, Bangean K. Abdullah, M.D., because he was not properly disclosed as an expert witness and because he cannot establish a causal connection between Plaintiff's ailments and the incident at issue. Plaintiff denies that Dr. Abdullah will be called as an expert witness and acknowledges that his testimony will be limited to Plaintiff's condition and treatment, and will not address causation. Plaintiff listed Dr. Abdullah as a witness in his Rule 26(a)(1) disclosures at the outset of the case.

---

[2] Gault testified that he took Defendants' statements and testimony into consideration when forming his opinion, but the "facts" he relies on match those of Plaintiff's version of events.

Given the scope of Dr. Abdullah's proposed testimony, the Court agrees with Plaintiff that he is not an expert witness within the bounds of Rule 26(a)(2). Accordingly, the Court will allow Dr. Abdullah to testify about Plaintiff's diagnosis and scope of treatment. Dr. Abdullah will not be permitted to opine as to causation. The Motion is denied without prejudice as to objections at trial.

### 3. Minneapolis Police Department Policies

Defendants next seek to exclude evidence relating to the Minneapolis Police Department's policies, especially those addressing the use of force, because they are irrelevant and prejudicial. The Court finds that although the policies certainly are not dispositive as to the legality of the officers' conduct, they provide appropriate context for their training and knowledge. The Motion is denied without prejudice as to objections at trial.

### 4. Minneapolis Police Reports

For the reasons stated above with respect to Plaintiff's motion to exclude the police reports, the Court grants Defendants' motion to admit those reports, subject to specific objections at trial.

### 5. Ownership of Land

Defendants move to prohibit Plaintiff from introducing evidence that the underlying incident took place on public property. Plaintiff now admits that he was arrested on private property and does not seek to offer any evidence of property ownership. The Motion is denied as moot.

5

**6.     Sophisticated Medical Conditions**

Defendants ask the Court to preclude Plaintiff from introducing evidence regarding his "sophisticated" medical conditions because they are too complicated to establish causation absent expert testimony. The Court disagrees. The alleged medical conditions at issue, i.e., anxiety, irritable bowel syndrome, and gluten intolerance, are neither novel nor particularly sophisticated. Although Plaintiff has no expert witness to opine as to causation, Plaintiff may testify as to the effect of his arrest on his mental and physical health. The Motion is denied without prejudice as to objections at trial.

**7.     Pepper Spray Advertisements**

Defendants move to exclude documents that discuss the nature or effect of pepper spray. Plaintiff printed both documents from the Internet on March 13, 2014. In his response, Plaintiff explains that he will not introduce the documents or submit them to the jury, but instead plans to use them, if needed, to refresh the officers' recollections about the effects of using pepper spray. According to Plaintiff, the documents correspond to the type of pepper spray used in Plaintiff's arrest. Even assuming that is true, however, Plaintiff has done nothing to establish that the officers have ever seen these particular documents. Absent such information, the Court cannot conclude that the documents could refresh the officers' recollections. The Motion is granted without prejudice. The Court may reconsider this ruling if Plaintiff is able to establish proper foundation.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion in Limine (Docket No. 22) is **DENIED without prejudice as set forth above**;

2. Defendants' Motion in Limine to Exclude the Testimony of William T. Gault (Docket No. 23) is **GRANTED**;

3. Defendants' Motion in Limine to Exclude the Testimony of Bangean K. Abdullah (Docket No. 24) is **DENIED without prejudice as set forth above**;

4. Defendants' Motion in Limine to Exclude Policies of the Minneapolis Police Department (Docket No. 25) is **DENIED without prejudice as set forth above**;

5. Defendants' Motion in Limine to Admit the Minneapolis Police Department Report (Docket No. 26) is **GRANTED subject to specific objections at trial**;

6. Defendants' Motion in Limine to Exclude Evidence of Public Ownership of the Land Parcel Where the Underlying Incident Took Place (Docket No. 27) is **DENIED as moot**;

7. Defendants' Motion in Limine to Exclude All Evidence of Sophisticated Medical Conditions (Docket No. 28) is **DENIED without prejudice as set forth above**; and

8. Defendants' Motion in Limine to Exclude Hearsay Evidence of Documents Related to Pepper Spray (Docket No. 29) is **GRANTED subject to specific objections at trial.**

Dated: <u>March 28, 2014</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge
