Walls v. Mohammad, Dubuc, City of Minneapolis
Civ. No. 12-2623

INSTRUCTION NO. 1

**INTRODUCTION**

8th Cir. 3.01

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 2

## PROVINCE OF THE COURT AND JURY

D&B 71.01

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable in this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

2

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 3

**EVIDENCE**

8th Cir. § 1.04; O'Malley § 104:20

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence. Lawyers have a right–and sometimes a duty–to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

You are to consider only the evidence in the case. You are not limited to the statements of the witnesses, however. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Walls v. Mohammad, Dubuc, City of Minneapolis
Civ. No. 12-2623

INSTRUCTION NO.  4

**CREDIBILITY OF WITNESSES**

8th Cir. 3.03

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 5

**IMPEACHMENT OF WITNESSES**

O'Malley § 105.04

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Walls v. Mohammad, Dubuc, City of Minneapolis
Civ. No. 12-2623

INSTRUCTION NO. 6

**EFFECT OF PRIOR INCONSISTENT STATEMENTS OR CONDUCT**

O'Malley § 105:09

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial may be considered for the sole purpose of judging the credibility of the witness. Such evidence may not be considered, however, as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

7

Walls v. Mohammad, Dubuc, City of Minneapolis
Civ. No. 12-2623

INSTRUCTION NO. 7

**BURDEN OF PROOF**

8th Cir. 3.04

You will have to decide whether certain facts have been proved by a preponderance of the evidence.  A fact has been proved by a preponderance of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Defendants as to that claim.

8

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 8

**EXCESSIVE FORCE**

8th Cir. § 4.40

Plaintiff claims that Defendants Mohammad and Dubuc used excessive force against him on June 08, 2009.  Your verdict must be for Plaintiff and against Defendants if the following elements have been proved by the preponderance of the evidence:

*First*, Defendants used force in arresting and detaining Plaintiff;

*Second*, the use of such force was excessive, because it was not reasonably necessary in order to take Plaintiff into custody;

*Third*, as a direct result, Plaintiff was injured, and

*Fourth*, Defendants were acting under color of state law.

In determining whether such force was "excessive" you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances. You must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving. You must decide whether Defendants' actions were reasonable in the light

9

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

of the facts and circumstances, without regard to the officer's own state of mind, his intention

or his motivation.

If all the above elements have been proved by a preponderance of the evidence, then

your verdict must be for Plaintiff

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 9

**COLOR OF STATE LAW**

8th Cir. § 4.20

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

You are instructed that Defendants were acting under color of law at all relevant times.

11

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 10

**ASSAULT**

Minn. Civ. JIG § 60.20

Plaintiff claims that Defendants Mohammad and Dubuc committed an assault against him.  An assault occurred if:

1.    Defendant Mohammad and/or Dubuc acted with intent to cause apprehension or fear of immediate harm to or offensive contact with Plaintiff, and

2.    Defendant Mohammad and/or Dubuc had the apparent ability to cause the harm or offensive contact, and

3.    Plaintiff had a reasonable apprehension or fear that the immediate harm or offensive contact would occur.

The use of threatened force by a police officer is lawful if it is a reasonable use of force when used in effecting an arrest.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 11

**BATTERY**

Minn. Civ. JIG § 60.25

A battery occurred if it is proved that Defendant Mohammad and/or Dubuc intentionally caused harmful or offensive contact with Plaintiff.  Because a police officer may come in contact with an individual for certain purposes, the use of force by a police officer must be unreasonable to constitute battery.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 12

**INTENT**

Minn. Civ. JIG § 60.10

"Intent" or "Intentionally" means that a person:

(1) Wants to cause the consequences of his act(s); or

(2) Knows that his act(s) are substantially certain to cause those consequences.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 13

**IMMUNITY**

<u>Mumm v. Mornson</u>, 708 N.W.2d 475, 490 (Minn. 2006)

Defendants Mohammad and Dubuc claim that they have immunity from Plaintiff's assault and battery claims.  To defeat Defendants' claim of immunity, Plaintiff must prove that Defendant Mohammad and/or Dubuc committed a willful or malicious act in committing the assault and battery.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 14

**WILLFUL**

Minn. Civ. JIG § 25.40

A person behaves "willfully" when he knows or has reason to know that an act is

prohibited by a policy, a rule, a regulation, a statute or a law and intentionally does it anyway.

Walls v. Mohammad, Dubuc, City of Minneapolis
Civ. No. 12-2623
INSTRUCTION NO. 15

**MALICE**

Rico v. State, 472 N.W.2d 100, 107 (Minn. 1991)

Malice is defined as the intentional doing of a wrongful act without legal justification or excuse or, otherwise stated, the willful violation of a known right.  For Defendants to have committed a malicious act, they must have intentionally committed an act that they had reason to believe was prohibited.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623
INSTRUCTION NO. 16

**COMPENSATORY DAMAGES**

8th Cir. § 4.70

If you find in favor of Plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained as a direct result of the Defendants' conduct in violation of Plaintiff's constitutional rights to be free of excessive force.

You should consider the physical pain and mental, emotional distress or suffering that Plaintiff has experienced and/or is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent, and the reasonable value of the medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to Plaintiff.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 17

**PUNITIVE DAMAGES**

8th Cir. § 4.72

In addition to the compensatory damages already mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find that Defendant Mohammad and/or Dubuc s used excessive force and if you find that Defendants' conduct was malicious or recklessly indifferent to Plaintiff's constitutional right to be free of excessive force, then you may award to Plaintiff an additional amount as punitive damages for the sole purposes of punishing Defendants and deterring Defendants and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How reprehensible each Defendant's conduct was.  In this regard, you may consider whether the harm was physical, mental or emotional; whether there was violence, intentional willful or malicious conduct, reckless disregard for human safety;

2.      How much harm each Defendant's wrongful conduct caused Plaintiff and could cause Plaintiff in the future;

3.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendants' financial condition, to punish Defendants for their wrongful conduct toward Plaintiff and to deter or discourage Defendants and others from

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff.  You may assess  punitive damages against any or all Defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against those Defendants may be the same or they may be different.

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

INSTRUCTION NO. 18

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE;
COMMUNICATIONS WITH COURT; CAUTIONARY;
UNANIMOUS VERDICT; VERDICT FORM**

8th Cir. 3.06

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and I will answer

21

<u>Walls v. Mohammad, Dubuc, City of Minneapolis</u>
Civ. No. 12-2623

you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form).

You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.